J-S13012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN JULY, | |
| Appellant | No. 1198 EDA 2016 |

Appeal from the PCRA Order March 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002733-2008

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 17, 2017**

Appellant, Kevin July, appeals *pro se* from the post-conviction court's March 21, 2016 order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

Appellant presents the following five issues for our review:

1) Did the trial court err in its instruction to the jury as to the charge of Attempted Murder in the First Degree?

2) Was trial counsel ineffective in failing to obtain the full Discovery or raising a claim in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963)[,] against the Commonwealth?

3) Was appellate counsel ineffective in litigating that the evidence presented at trial was insufficient to support the guilty verdict?

_____

[*] Former Justice specially assigned to the Superior Court.

4) Was court[-]appointed PCRA counsel ineffective by failing to adequately communicate with [] Appellant or by failing to amend the PCRA Petition to include additional claims raised by [] Appellant?

5) Did the [PCRA] court err by failing to conduct an evidentiary hearing prior to dismissing the PCRA Petition?

Appellant's Brief at 4.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001).

Here, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable Leon W. Tucker of the Court of Common Pleas of Philadelphia County. We conclude that Judge Tucker's extensive, well-reasoned opinion accurately disposes of the issues presented by Appellant. Accordingly, we adopt his opinion as our own and affirm the order denying Appellant's PCRA petition on that basis.[1]

_____

[1] We add one comment regarding the first issue raised by Appellant. Therein, Appellant contends that his trial counsel acted ineffectively by not objecting to a certain jury instruction provided by the trial court. However, in Appellant's PCRA petition, and in his amended petition, Appellant did not frame this issue as an ineffectiveness claim; instead, he simply contended

*(Footnote Continued Next Page)*

- 2 -

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2017

---

*(Footnote Continued)*

that the trial court erred by providing the at-issue jury instruction. **See** PCRA Petition, 1/17/13, at 3; Amended PCRA Petition, 9/16/15, at 2-4. The PCRA court concluded, and we agree, that Appellant waived his claim of trial court error by failing to raise it on direct appeal. **See** PCRA Court Opinion, 7/7/16, at 9-10; **see also** 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, the petitioner must prove his claim was not waived); 42 Pa.C.S. § 9544(b) (stating that, "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding"). To the extent Appellant now attempts to argue, for the first time on appeal, that his challenge to the court's jury instruction is really an attack on the effectiveness of his trial counsel, this argument is also waived, as it was not raised before the PCRA court. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

COMMONWEALTH OF PENNSYLVANIA

v.

KEVIN JULY

COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT

CP-51-CR-0002733-2008 Comm. v. July, Kevin
Opinion

7464710361

**OPINION**

CP-51-CR-0002733-2008

1198 EDA 2016

LEON W. TUCKER, J.

DATE: June 24, 2016

This matter comes before the Superior Court on appeal from the denial of Kevin July's (hereinafter referred to as "Petitioner") Post Conviction Relief Act[1] ("PCRA") Petition in which Petitioner sought an evidentiary hearing and a new trial based upon claims of an erroneous jury instruction by the court and ineffective assistance of counsel at trial, on direct appeal, and on collateral review.

## I.    Procedural History and Facts

At trial, Petitioner was represented by Joseph Santaguida. Petitioner and his co-defendants, James Dukes and Kevin Brown, were tried by a jury of their peers before this court. At the conclusion of the trial, Petitioner was found guilty of the following offenses: Third Degree Murder,[2] Aggravated Assault,[3] Attempted Murder,[4] Carrying a Firearm Without a License ("VUFA,")[5] and Possession of an Instrument of a Crime ("PIC").[6] On December 12, 2009, this court sentenced Petitioner to the following concurrent terms of incarceration: seventeen to forty (17-40) years for Third Degree Murder, ten to twenty (10-20) years for Aggravated Assault and

---

[1] 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (West 2016).
[2] 18 Pa. Cons. Stat. Ann. § 2502(c) (West 2016).
[3] 18 Pa. Cons. Stat. Ann. § 2702(a)(1) (West 2016).
[4] 18 Pa. Cons. Stat. Ann. § 901(a) (West 2016).
[5] 18 Pa. Cons. Stat. Ann. § 6106(a) (West 2016).
[6] 18 Pa. Cons. Stat. Ann. § 907(a) (West 2016).

**FILED**

JUN 24 2016

Appeals/Post Trial
Office of Judicial Records

1

Attempted Murder[7], two and one half to five (2½-5) years for Carrying a Firearm without a License, and no further penalty for PIC.

At the appellate level, Petitioner was represented by David Rudenstein. On December 17, 2009, Petitioner filed a timely Notice of Appeal to the Superior Court of Pennsylvania. On November 21, 2011, the Superior Court affirmed Petitioner's judgment of sentence. On May 1, 2012, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal filed by the Petitioner. Petitioner did not seek review in the United States Supreme Court.

On January 7, 2013, Petitioner filed the instant *pro se* PCRA Petition. This petition is timely as it was filed within one year of when his conviction became final. The Petitioner's conviction became final on July 30, 2012 when the time for filing a petition for review with the United States Supreme Court expired, which was ninety days after the Pennsylvania Supreme Court denied *allocatur*. 42 Pa. Cons. Stat. Ann. § 9545(b) (West 2016).

On March 29, 2014, Lee Mandell was appointed to represent Petitioner at the PCRA level. On May 8, 2015, Petitioner filed a motion to have Mr. Mandell removed as his counsel and to have new counsel appointed. On July 9, 2015, Mr. Mandell filed a motion to withdraw as counsel accompanied by a *Finley* letter, in accordance with *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). On July 20, 2015, this court issued a Notice of Intent to Dismiss pursuant to Pa. R. Crim. P. 907 finding that all of the claims raised by Petitioner were without merit. On September 16, 2015, Petitioner filed both a response to this court's Notice of Intent to Dismiss and a Motion for Leave to Amend PCRA Petition including a request for a *Grazier* hearing to proceed *pro se*, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). On December 2, 2015, the court granted Petitioner's request for

---

[7] The Aggravated Assault and Attempted Murder charges merged.

2

a *Grazier* hearing, which was held on January 19, 2016. At the hearing, the Petitioner declined to represent himself. N.T. at 8, Jan. 19, 2016. On March 21, 2016, the court formally dismissed Petitioner's PCRA petition and granted Mr. Mandell's motion to withdraw as counsel. On April 12, 2016, Petitioner timely filed the instant appeal to the Superior Court. In response to the court's May 5, 2016 order, the Petitioner timely filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on May 24, 2016. In his 1925(b) Statement, Petitioner claimed the court erred in its dismissal of the PCRA petition because:

(1) the court failed to hold an evidentiary hearing prior to dismissal;

(2) Petitioner's trial counsel was ineffective for failing to require the Commonwealth to provide "full discovery," which Petitioner alleges the Commonwealth did not provide in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

(3) Petitioner's appellate counsel was ineffective in litigating that the evidence at trial was insufficient to support a verdict of guilty;

(4) Petitioner's PCRA counsel was ineffective for failing to communicate with the Petitioner about his case and failing to amend Petitioner's PCRA petition to include additional claims alleged by the Petitioner and

(5) the trial court erred in its instruction to the jury as to the charge of Attempted Murder in the First Degree.

## II. Legal Analysis

Under 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (West 2016), commonly known as the Post Conviction Relief Act, a petitioner is required to plead and prove by a preponderance of the evidence that he was convicted or sentenced as a result of one of the grounds enumerated in subsection (a)(2) to obtain post-conviction relief. 42 Pa. Cons. Stat. Ann. § 9543(a)(2) (West

3

2016). He must also prove the claimed errors were not previously litigated or waived and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.* § 9543(a)(4). An issue is considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa. Cons. Stat. Ann. § 9544(a)(2) (West 2016). An issue is considered waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

### Ineffective Assistance of Counsel Claims

A claim under the ineffective assistance of counsel ("ineffective assistance") prong requires that the petitioner's conviction resulted from "ineffective assistance of counsel which, in the circumstances of [his] particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii) (West 2016). To succeed on an ineffective assistance claim, a petitioner must overcome the presumption that his counsel was effective. *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). Specifically, he must prove "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) [he] was prejudiced by counsel's act or omission." *Id. (citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). When counsel acts on matters of strategy, his assistance will be deemed effective if there is a reasonable basis for his strategic decisions. *Koehler*, 36 A.3d at 132. A petitioner can only show lack of an objective reasonable basis by offering proof of an alternative course of action that presented a substantially greater potential for success. *Id.* at 132. A petitioner can show prejudice by proving that, "but for the errors and omissions of counsel, there is a reasonable probability that the outcome

4

of the proceedings would have been different." *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). If petitioner fails to prove any prong of the test, the entire ineffective assistance claim will be defeated. *Commonwealth. v. Philistin*, 53 A.3d 1, 10 (Pa. 2012). A petitioner's claim of ineffective assistance of counsel is waived if he does not raise those claims during trial, direct appeal or PCRA proceedings after he has retained new counsel. 42 Pa. Cons. Stat. Ann. § 9544(b) (West 2016); *Commonwealth v. Walker*, 36 A.3d 1, 6 (Pa. 2011).

*(1) Trial Counsel's Failure to Challenge an Alleged* Brady *violation by the Commonwealth*

Petitioner claims his trial counsel was ineffective for failing to obtain full discovery when the Commonwealth committed a *Brady* violation by failing to provide full discovery. *See Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the prosecution has the obligation to disclose any evidence, which is "material either to guilt or to punishment," to the defense). Petitioner's claim fails as it is without arguable merit. Petitioner has not provided any evidence that the Commonwealth did not disclose evidence material to the Petitioner's guilt or punishment, in violation of *Brady*.

The Petitioner bases his claim on an alleged failure by the Commonwealth to produce any evidence, photographs, or other evidence related to "ricochet graze marks." [8] This allegation is in direct conflict with the Notes of Testimony and the exhibits presented by the Commonwealth. The record shows that not only was expert testimony presented as to strike marks but photographic evidence of such marks as well as an expert ballistic report were submitted into evidence. N.T. at 205, 207, 211-215, May 21, 2009. The Commonwealth produced for trial precisely the evidence

---

[8] Petitioner claims there was testimony as to "ricochet graze marks" presented at trial. Presumably, by "ricochet graze marks," Petitioner is referencing what are referred to as "strike marks" in the Notes of Testimony. N.T. at 207, May 21, 2009. The phrase "ricochet graze marks" does not appear in the Notes of Testimony.

that the Petitioner now claims was withheld. Petitioner presents no evidence to suggest that these photographs and the ballistic expert's report were not made available to his counsel during discovery. Therefore, there is no basis in the record that the Commonwealth violated *Brady* by failing to make such evidence available. As such, there is no basis to believe that Petitioner's trial counsel was ineffective in failing to invoke *Brady* to require the Commonwealth to provide "full discovery." As Petitioner failed to prove his underlying claim has arguable merit, his ineffective assistance claim against his trial counsel fails.

*(2) Appellate Counsel's Alleged Ineffectiveness in Litigating Sufficiency of Evidence on Appeal*

Petitioner argues his appellate counsel was "ineffective in the litigation that the evidence was insufficient to support a verdict of guilty." Petitioner's 1925(b) Statement at 1. This unsupported and vague claim of ineffective assistance fails to establish Petitioner is entitled to relief.

A claim for ineffectiveness that has no reference to the record or any other facts or evidence to support such a claim is inadequate and relief on such a claim should be denied. *Commonwealth v. Bracey*, 795 A.2d 935, 940, n.4 (Pa. 2001).

> Appellant, in what appears to be nothing more than an after-thought, tacks on a sentence that trial and appellate counsel were ineffective for failing to raise and/or properly litigate the underlying claims of error. Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief.

*Id.* Moreover, Petitioner is required to prove the lack of an objective, reasonable basis to succeed on an infective assistance claim. Counsel are afforded flexibility to make strategic and tactical decisions provided that counsel's decisions have a reasonable basis in furthering their client's interests. *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). An ineffective assistance claim will not succeed on the bare claim that counsel could have employed a different strategy. *Id.*

Petitioner must establish that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.*

Here, Petitioner only provides the bare allegation that his appellate counsel was ineffective because he failed to successfully prevail on the sufficiency of the evidence claim without identifying any particular errors or an alternative course of action that had a greater potential for success. Petitioner has failed to show the basis for counsel's actions or strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct.'" *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007) (citing *Commonwealth v. Williams*, 537 Pa. 1, 640 A.2d 1251, 1265 (1994.)) As such, Petitioner has failed to establish he is entitled to relief and his ineffective assistance claim as to his appellate counsel fails.

### (3) PCRA Counsel's Alleged Ineffective Assistance of Counsel for Failing to Communicate with Petitioner and Failing to Amend PCRA Claim

As a threshold matter, in order for a petitioner to preserve an ineffective assistance claim against his PCRA counsel, he must either allege the claim in a serial PCRA petition or raise it in response to the PCRA court's notice of dismissal. *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009). Here, Petitioner specifically alleges his ineffective assistance claims against his PCRA counsel in his response to the court's notice of dismissal under Pa. R. Crim. P. 907. Petitioner's Response to Notice of Intent to Dismiss at 2. As such, the Petitioner's ineffective assistance claim against his PCRA counsel has been sufficiently preserved, and this court will now address his claim.

Petitioner makes a twofold argument for why his PCRA counsel was ineffective: (1) Petitioner's PCRA counsel "failed to communicate with the Petitioner in an effort to advance a meritorious petition", and (2) his PCRA counsel failed to amend Petitioner's *pro se* PCRA petition. Petitioner's 1925(b) Statement at 1.

7

*(A) Failure to Communicate*

Petitioner's claim of ineffective assistance regarding his PCRA counsel's failure to communicate falls short as it lacks arguable merit and Petitioner has not shown prejudice as a result of counsel's alleged conduct. Counsel complied with the mandates of Pennsylvania law establishing the standard and procedure for PCRA counsel's representation and withdrawal from PCRA cases lacking merit. *Commonwealth v. Wrecks*, 931 A.2d 717 (Pa. 2007) (requiring counsel to send a copy of the no merit letter to their client and explain if the court grants counsel's motion to withdraw, the petitioner still has the right to proceed *pro se* or by private counsel); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (requiring counsel to file a no merit letter explaining the reasons why the petitioner's claims are without merit and also announcing counsel's intention to withdraw); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (holding the procedure set out in *Finley* applies to withdrawal at any stage of the proceedings, including PCRA proceedings).

Petitioner's PCRA counsel, Mr. Lee Mandell, determined there were no issues of merit, filed a *Finley* letter with an accompanying letter brief, and requested leave from the court to withdraw from the case. He advised Petitioner of his *Finley* letter, the possible consequences of the court's dismissal of his petition, and Petitioner's right to either proceed *pro se* or to retain private counsel for further proceedings. Lee Mandell's *Finley* Letter at 2. At the requested *Grazier* hearing, counsel stated on the record that he complied with all of these mandates. N.T. at 9, 10, 11, Jan. 19, 2016. Additionally, Petitioner presents no evidence contradicting counsel's statement to the court regarding his communication with the Petitioner. Therefore, there is no merit to Petitioner's claim that his counsel was ineffective for failing to communicate. Moreover, even if counsel failed to meet the *Turner/Finley* requirements, Petitioner has not established he suffered

8

any prejudice because there have been no claims presented that would entitle Petitioner to post-conviction relief. *See Commonwealth v. Gaerttner*, 649 A.2d 139 (Pa. Super. 1994).

*(B) Failure to File Amended PCRA Petition*

Additionally, this court ultimately granted PCRA counsel's request to withdraw after an independent review of the case, thus obviating the need for PCRA counsel to file an amended petition. Prior to the court's grant of PCRA counsel's request to withdraw, PCRA counsel had no reason to file an amended petition as he concluded there were no issues of merit to be advanced in Petitioner's case. Counsel followed the mandates of *Finley* in examining Petitioner's case for merit. *Finley*, 550 A.2d at 215 (requiring that the no merit letter "itemiz[e] [counsel's] in-depth examination of the case and the reasons for concluding that the petition was meritless).

Here Counsel stated at the *Grazier* hearing that he "obtained the notes of testimony from the trial, reviewed [Petitioner]'s PCRA petition, and [...] came to the conclusion that there were no issues meritorious of filing an amended PCRA petition." He further stated, "I felt the appropriate course of action was to file a Finley letter, which we did file. And in that letter we set forth the reason for filing a Finley letter." N.T. at 9, Jan. 19, 2016. As evidenced by counsel's *Finley* letter, he also itemized his examination of the case. Lee Mandell's No Merit Letter at 1, 2. Because counsel adequately met the requirements of *Finley* and also concluded that no amended petition was warranted, there is no merit to Petitioner's claim that his counsel was ineffective for failing to file an amended petition.

## Jury Instructions on Attempted Murder in the First Degree

Petitioner's claim as to alleged erroneous jury instruction is waived as he could have raised it prior to this post-conviction proceeding but failed to do so. Under 42 Pa. Cons. Stat. Ann. § 9544(b), an issue is considered waived if the Petitioner could have raised it at a prior proceeding,

9

such as a direct appeal, but failed to do so. In the instant matter, Petitioner did not raise a claim about erroneous jury instructions until the current proceedings. Therefore, his claim is waived.

Even if the alleged error were not waived, the claim would fail. The trial court's full instruction to the jury on the charge of Attempted Murder in the First Degree was as follows:

> The defendant has been charged with attempted murder. To find the defendant guilty of this offense, you must find that the following three elements have been proven beyond a reasonable doubt. First, that defendant did act -- strike that. That the defendant did a certain act that is – yes, that is shot James Dukes. Second, that at the time of this alleged act, the defendant had the specific intent to kill James Dukes, that is he had fully formed the intent to kill and was conscious of his own intention. And, third, that the act constituted a substantial step toward the commission of a killing of the defendant intended to bring about -- Let me rephrase that. Third, that the act constituted a substantial step toward the commission of a killing of the defendant intended to bring about. Let me explain to you the meaning of substantial step. A person cannot be guilty of an attempt to commit a crime unless he or she does an act that constitutes a substantial step towards the commission of that crime. An act is a substantial step if a [sic] major step toward the commission of the crime and also strongly corroborates the jury's belief that the person at the time he or she did the act had the firm intent to commit that crime. An act can be a substantial step even though other steps would have been taken before the crime could be carried out. If you are satisfied that the three elements of attempted murder have been proven beyond a reasonable doubt, you should find the defendant guilty. Otherwise, you must find the defendant not guilty of this crime.

N.T. at 5-7, Jun. 3, 2009. Specifically, Petitioner seems to challenge the trial court's answer to the following question posed by the jury to this court:

> First element of attempted murder is the defendant committed an act, that he shot James Dukes. Does this mean we must know beyond a reasonable doubt that the bullet from a specific defendant's gun entered James Dukes.

N.T. at 10, June 4, 2009. The court answered this question with "no". N.T. at 23, 24, Jun. 4, 2009. Petitioner claims that the answer of "no" to the above-mentioned question is erroneous.

"The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. McRae*, 5 A.3d 425, 430 (Pa. Super. Ct. 2010). This court

10

correctly stated the law, because it was not required that the bullet from a specific defendant's gun entered Mr. Dukes. *See* 18 Pa. Cons. Stat. Ann. § 306 (West 2016); *see also* 18 Pa. Cons. Stat. Ann. § 901 (West 2016). In both its initial charge and response to the jury's question, the court clearly, adequately and accurately instructed the jury on the law regarding attempted murder in the first degree. Therefore, even if Petitioner's claim was not waived, it would nonetheless fail because it is without merit.

### Failure to Hold an Evidentiary Hearing before Dismissal of PCRA Petition

Petitioner claims this court was required to hold an evidentiary hearing, because "there were claims of ineffective assistance of counsel, material facts entitling the Petitioner to relief were raised in the Petition and a list of witnesses was included in the Amended Petition as required by Pa. R. Crim. P. 902." Petitioner's 1925(b) Statement at 2.

A PCRA court is not required to hold an evidentiary hearing before dismissing a petition when "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." Pa. R. Crim. P. 907(1) (West 2016). Furthermore, "[t]he right to an evidentiary hearing on a post-conviction petition is not absolute," and "[a] hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence." *Commonwealth v. Granberry*, 644 A.2d 204, 208 (Pa. Super. Ct. 1994) (citing *Commonwealth v. Box*, 305 Pa. Super. Ct. 81, 451 A.2d 252 (1982)).

As previously addressed, Petitioner does not advance any meritorious claims in his petition. Petitioner's claims are without support in the record or in other evidence, and Petitioner fails to point to any issues related to any material fact. The Petitioner must show his claims have actual merit or implicate issues concerning a material fact. Here, Petitioner has failed to do either.

11

Therefore, "no purpose would be served by any further proceedings." *See* Pa. R. Crim. P. 907(1). To hold a hearing would only prolong proceedings for a claim that is ultimately without merit. Therefore the Petitioner's request for an evidentiary hearing was properly denied.

## III. Conclusion

For the above reasons, Petitioner's various ineffective assistance of counsel claims fail as either the underlying issues lack arguable merit, Petitioner fails to prove lack of an objective, reasonable basis for his trial counsel's conduct, or Petitioner fails to show prejudice. Petitioner's claim that the trial court erroneously instructed the jury also fails, as the trial court correctly stated the law in its instructions. Lastly, Petitioner's claim that this court should have held an evidentiary hearing before dismissing his petition also fails because Petitioner has failed to show that his petition implicates any issue of material fact or otherwise has merit. This court properly denied all of Petitioner's claims for relief. The court's ruling should stand.

BY THE COURT:

LEON W. TUCKER, J. / ss

12

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

## COMMONWEALTH v. KEVIN JULY, CP-51-CR-0002733-2008

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s) and in the manner indicated below, in accordance with the requirements of PA. R.CRIM.P. 114:

*Petitioner:*

Kevin July
JH-3209
SCI Graterford
PO Box 244
Graterford, PA 19426-0246

*Type of Service:*

( ) Personal   ( ) First Class Mail   ( X ) Certified

*District Attorney:*

Robin Godfrey, Esquire
PCRA Unit, District Attorney's Office
Widener Building
3 South Penn Square
Philadelphia, PA 19107

*Type of Service:*

( ) Personal   ( X ) First Class Mail   ( ) Other

Dated: 6/24/16

X_____
Law Clerk's Signature

13